UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CR-80077-ROSENBERG

UNITED STATES OF AMERICA,

v.

DANIEL DELGADO HERNANDEZ,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR COMPASSIONATE RELEASE

This cause is before the Court upon Defendant Daniel Delgado Hernandez's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). DE 412. The Government filed a response in opposition to the Motion, and Hernandez filed a reply. DE 417, 418. The Court has carefully reviewed these materials and the record and is otherwise fully advised in the premises.

On February 19, 2016, the Court sentenced Hernandez to a 135-month term of imprisonment for conspiracy to possess with intent to distribute one kilogram or more of heroin. *See* DE 285. Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13, application note 1(D).

Hernandez contends that he submitted a request for compassionate release to the warden of FCI Fort Dix, the prison in which he is confined, on April 7, 2020, and that he has received no response. DE 412 at 2. The Government represents that the Bureau of Prisons has no record of this request. DE 417 at 17. The Court assumes for present purposes that Defendant has exhausted his administrative remedies but nonetheless concludes that a sentence reduction is inappropriate in this case.

2

Hernandez is 51 years old.  As "extraordinary and compelling" reasons warranting a sentence reduction, he cites his medical diagnoses of asthma, high blood pressure, and Type 2 diabetes as putting him at higher risk of COVID-19 complications.  The Government concedes that at least his diabetes places him at elevated risk of complications from COVID-19 under guidance from the Centers for Disease Control.

Hernandez argues that data for FCI Fort Dix shows a 22 percent positive test rate—58 inmates out of 259 tested.  The Government agrees with that figure as it relates to FCI Fort Dix as a whole.  However, a different picture emerges when FCI Fort Dix's constituent facilities are considered.  FCI Fort Dix consists of a Low facility, where Hernandez is confined, as well as a minimum-security satellite Camp.  All of the 58 infections occurred at the Camp, with 28 inmates recovered, 16 released, and 14 remaining in isolation.  Importantly, the Government reports that no inmate in the Low facility has tested positive for COVID-19.  DE 417 at 23.  Further, the Bureau of Prisons ("BOP") has implemented numerous procedures to mitigate the spread of COVID-19 at FCI Fort Dix.  All inmates have temperature checks and symptom assessments every other day, and inmates with COVID-19 symptoms are seen and tested immediately by medical personnel.

The Court is sympathetic to the health challenges that Hernandez identifies in his Motion.  And the Court understands that he has legitimate concerns about the spread of COVID-19 at FCI Fort Dix.  However, the Court must view those concerns in conjunction with the facts as best the Court is able to ascertain them.  Those facts are that FCI Fort Dix has had no confirmed case of an inmate contracting COVID-19 in its Low facility, and the BOP has implemented mitigation measures in accordance with its role to protect the inmates within its facilities.  The Court has been presented with no information that would indicate that these measures will be ineffective at FCI

Fort Dix. Under the present circumstances, the Court does not find extraordinary and compelling reasons that warrant a reduction of Hernandez's sentence.

The Court has also considered the sentencing factors in 18 U.S.C. § 3553(a) and concludes that a sentence modification is not warranted in light of those factors. *See* 18 U.S.C. § 3553(a); *see also id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence). Hernandez was sentenced to a term of imprisonment at the top of his guideline range of 120 to 135 months, and he has served less than one-half of that term. The Court finds that a sentence reduction is not justified in light of the nature and circumstances of his offense, his history and characteristics, and the need for a sentence that reflects the seriousness of his offense, promotes respect for the law, provides just punishment, and affords adequate deterrence.

Finally, the Court notes the parties' disagreement about the extent of Hernandez's cooperation with the Government. The Government argues that although Hernandez attempted to cooperate, the Government declined to file a motion pursuant to Federal Rule of Criminal Procedure 35 on his behalf because he fled to the Dominican Republic during the investigation and lied to law enforcement. Hernandez argues that the Government elides the assistance he provided after returning to the United States, including participating in an operation while wearing a wire, and that the Government has not disclosed the alleged lie to defense counsel. The Court makes no finding as to the extent of Hernandez's assistance to the Government because the instant Motion, based on COVID-19 concerns, is not the place to do so. Hernandez is not precluded from squarely presenting that issue in another appropriate motion.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Hernandez's Motion for Compassionate Release [DE 412] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 24th day of June, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant, Counsel of Record